**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CASE NO. 3:17-MJ-192-BK** |
| | § | |
| **JOHN RAYNE RIVELLO** | § | |

**ORDER**

On this day, the Court considered Defendant's *Agreed Motion to Modify Conditions of Release*, filed September 20, 2017, Doc. 20. By this second motion to modify, Defendant requests, *inter alia*, that the electronic monitoring requirement be removed. Defendant avers in his motion that neither the Supervising Pretrial Services Officer nor the Assistant United States Attorney is opposed to the relief requested. Upon review, the Court finds that the conditions of release imposed by the Court's June 2, 2017, Doc. 11, should be modified. Accordingly, Defendant's *Agreed Motion to Modify Conditions of Release*, Doc. 20, is **GRANTED** to the extent stated herein.

It is **ORDERED** that Defendant is no longer required to participate in and submit to a location monitoring program, to-wit: electronic monitoring. To the extent that any costs for participation in that program remain outstanding, Defendant is still obligated to pay all or part of such costs based on his ability to pay as determined by the Supervising Pretrial Services Officer.

The Court declines to further modify the travel restrictions previously imposed, however. As provided in the June 2, 2017 Order, Defendant is **ORDERED** not to travel outside of the District of Maryland, without first obtaining the permission of the Supervising Pretrial Services Officer to travel elsewhere, except that travel shall be permitted to the Northern District of Texas

for court appearances and visits to consult with counsel that have been approved in advance by the Pretrial Services Officer.[1]

**IT IS FURTHER ORDERED** that the conditions in the *Order Setting Conditions of Release*, Doc. 3 at 6-8, and the June 2, 2017 Order, Doc. 11, which have not been modified by the Court, remain in full force and effect.

**SIGNED** September 20, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] While the Court declines to modify the travel restrictions imposed by the June 2, 2017 Order to permit Defendant's travel to attend an unspecified treatment program to which he has not yet been admitted, the Order permits exceptions to the travel restrictions with the permission of the Supervising Pretrial Services Officer. Thus, should Defendant actually obtain acceptance into a specific treatment program or have any other need for travel outside of the parameters set by the Court, he is permitted by the Court's Order to request an exception to the travel restrictions from the Pretrial Services Officer.